996 A.2d 456

IN THE MATTER OF TYRONE M. MCDONNELL,
AN ATTORNEY AT LAW.

July 1, 2010.

**ORDER**

This matter have been duly presented to the Court pursuant to *Rule* 1:20–10(b), following a motion for discipline by consent of **TYRONE M. McDONNELL of HACKENSACK,** who was admitted to the bar of this State in 1986;

And the Office of Attorney Ethics and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent violated *RPC* 1.15(a) (failure to safeguard client funds), *RPC* 1.15(d) (failure to comply with recordkeeping requirements) and *Rule* 1:21–6 (recordkeeping violations);

And the parties having agreed that respondent's conduct violated *RPC* 1.15(a), *RPC* 1.15(d) and *Rule* 1:21–6, and that said conduct warrants a three-month suspension;

And the Disciplinary Review Board having determined that a three-month suspension is the appropriate discipline for respondent's ethics violation and having granted the motion for discipline by consent in District Docket No. XIV–2007–605E;

And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with *Rule* 1:20–16(e);

And good cause appearing;

It is ORDERED that **TYRONE M. McDONNELL of HACK-ENSACK** is hereby suspended from the practice of law for a period of three months, effective July 30, 2010 and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.